NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1924
_____

UNITED STATES OF AMERICA

v.

ALBERT LEO BERRETTINI, JR.
a/k/a Lee Berrettini
(M.D. Pa. No. 4-07-cr-00422-001)


UNITED STATES OF AMERICA

v.

MARY ANN BERRETTINI
(M.D. Pa. No. 4-07-cr-00422-002)

Albert Leo Berrettini, Jr.; Mary Ann Berrettini,
Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 4-07-cr-00422-001 and 4-07-cr-00422-002)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2011

Before:  FISHER, JORDAN and COWEN, *Circuit Judges*.

(Filed: June 16, 2011)

FISHER, *Circuit Judge*.

Albert Berrettini was convicted of ten counts of criminal tax offenses, including filing false individual and corporate income tax returns and filing a false treasury form. For the reasons stated below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 1994, Albert Berrettini ("Berrettini") and his wife became involved in the "Tower" scheme, where clients moved money to foreign bank accounts and shell corporations and then repatriated the money using debit cards, "scholarships," and "loans." As their primary source of income, the Berrettinis owned and operated Bert's Pharmacy. The pharmacy made payments to Matrixx, their shell corporation, under the pretext of consulting and other fees. Despite a lack of evidence that Matrixx provided any goods or services, Berrettini created false invoices purporting services rendered. The money continued to flow through this elaborate scheme until the Berrettinis would finally "borrow" the money back and make some low-interest payments to one of their own offshore accounts, financing their business and a new home. From 1996 to 2005, the

2

Berrettinis filed tax returns that failed to report income and claimed false deductions totaling $624,338, resulting in a criminal tax liability of $242,513.

On October 25, 2007, the Berrettinis were charged with eleven counts of tax offenses: conspiracy to defraud the United States by filing false individual income tax returns in violation of 18 U.S.C. § 371 (Count 1); filing false individual income tax returns and false corporate tax returns for both a foreign corporation and a United States corporation in violation of 26 U.S.C. § 7206(1) (Counts 2-10); and filing a false treasury form in violation of 31 U.S.C. § 5314 (Count 11). Prior to trial, proceeding *pro se*, Berrettini filed numerous frivolous motions and requests, including a challenge to the District Court's jurisdiction to hear the case.[1] The District Court ordered a psychiatric examination of Berrettini. The report concluded that Berrettini could understand the nature and consequences of his legal situation and that he could work with counsel. Despite plenty of time and financial resources, Berrettini did not retain counsel. Thus, the District Court appointed counsel for him and rescheduled his trial, clarifying that Berrettini could replace him with counsel of his own choosing.

In April 2009, the District Court granted Berrettini's request for a continuance to retain counsel, and Berrettini further delayed trial by claiming a physical condition that was later determined to be unfounded. Against the District Court's advice, Berrettini decided to proceed *pro se*, and the District Court appointed standby counsel. The jury

---

[1] Although Mr. and Mrs. Berrettini were tried together, this appeal pertains to Albert only. Thus, we present the facts relevant to Albert Berrettini's appeal.

3

convicted Berrettini and his wife of Counts Two through Eleven. The District Court sentenced Berrettini to 27 months' imprisonment to be followed by a term of supervised release of three years, a fine of $7,500, and special assessments of $1,000. Berrettini filed a timely notice of appeal.

II.

Berrettini makes a number of challenges, only some of which are legally cognizable. He clearly challenges the District Court's jurisdiction. To give Berrettini the benefit of the doubt as a *pro se* litigant, we also review the sufficiency of the evidence.

We first address jurisdiction. Berrettini argues that he is not subject to federal jurisdiction. On the contrary, Berrettini was charged with federal crimes, and the District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We construe Berrettini's brief to challenge the sufficiency of the evidence. Because standby counsel preserved this issue at trial, we exercise plenary review. *United States v. Lee*, 612 F.3d 170, 178 (3d Cir. 2010). However, the "'standard of review is highly deferential.'" *Id.* (quoting *United States v. Bornman*, 559 F.3d 150, 152 (3d Cir. 2009)). When reviewing sufficiency of the evidence, we ask "'whether there is substantial evidence that, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict.'" *Id.* (quoting *Bornman*, 559 F.3d at 152). "'We do not weigh evidence or determine the credibility of witnesses in making this determination.'" *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003) (quoting

4

*United States v. Beckett*, 208 F.3d 140, 151 (3d Cir. 2000)). "[W]e examine the totality of the evidence, both direct and circumstantial. We must credit all available inferences in favor of the government." *Id.* (citations omitted).

In the light most favorable to the government, the evidence indicates that Berrettini filed multiple false tax returns, utilizing a sophisticated international tax evasion scheme. The government presented ample evidence to conclude that Berrettini filed tax returns that were: (1) false as to a material matter; (2) signed under penalties of perjury; (3) not believed to be correct as to every material matter; and (4) with the intent to violate the law. 26 U.S.C. § 7206(1). In sum, the government presented substantial evidence that supports Berrettini's conviction.[2] We will therefore affirm the District Court.

---

[2] Berrettini makes numerous frivolous arguments that we reject: that the government must produce a valid contract in order to prosecute; that Berrettini's rights under the Speedy Trial Act were violated because the government failed to comply with American Bar Association standards; that Berrettini was before the District Court under threat, duress, and coercion; that Berrettini has yet to see the indictment against him; that the government violated the clean hands doctrine; that the prosecutor lacked authorization to prosecute his case; that the prosecutor has committed treason, sedition, and other high crimes and misdemeanors; that the prosecutor suppressed and withheld information from Berrettini; that the District Court judge was biased and prejudiced against Berrettini; that the prosecutor tampered with witnesses and the jury; and that the jury members were prejudiced because Berrettini saw them associating with Internal Revenue Service and Treasury Department agents.

Berrettini makes only a fleeting reference to his sentence in his brief, asking us to "[r]everse and [d]ismiss" it. (Appellant's Op. Br. at 20.) Because he has not "substantively argued" that point, he has "abandoned and waived that issue on appeal." *Mitchell v. Cellone*, 389 F.3d 86, 92 (3d Cir. 2004) (internal quotation marks omitted). Even if he had raised it properly, however, we would find no error in his below-guidelines-range sentence.

## III.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court.